# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUZANNE GARRICK FICKLIN BABIN** | **CIVIL ACTION** |
| **VERSUS** | |
| **DOLLAR GENERAL** | **NO: 18-00106-BAJ-SDJ** |

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment** filed by The Coca-Cola Company ("TCCC") (Doc. 56). The motion is unopposed. For the following reasons, the **Motion (Doc. 56)** is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff alleges that on July 30, 2017, she was shopping at a Dollar General store located in Livingston, Louisiana when she slipped and fell, causing injury. (Doc. 1-1 at 2). Plaintiff alleges negligence on the part of DG Louisiana, LLC for failure to take any and all actions necessary to prevent injury. *Id.* DG Louisiana, LLC then filed a Third-Party Complaint against various Coca-Cola entities, including TCCC, alleging that TCCC negligently and improperly stocked and placed Coca-Cola products at the applicable Dollar General store. (Doc. 23 at 3). DG Louisiana, LLC also alleged that TCCC and its employees had exclusive and sole control and authority over placement and stocking of Coca-Cola products in the applicable Dollar General store. *Id.* DG Louisiana, LLC further alleged that only TCCC and its employees physically stocked and placed Coca-Cola products at the Dollar General store in question and that the employees of said company were negligent and/or at

1

fault in placing and stocking the products. *Id.*

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At this stage, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential

to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

In negligence cases under Louisiana law,[1] the plaintiff must prove 1) that the defendant had a duty to conform its conduct to a specific standard, 2) that the defendant's conduct failed to conform to the appropriate standard, 3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries, 4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and 5) actual damages. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

TCCC argues that it had no responsibility as relates to any equipment or product located within the Dollar General store at issue and had no responsibility as relates to the delivery, stocking, and/or placement of product within the Dollar General store on the date of the incident.

In support of its motion for summary judgment, TCCC filed a statement of undisputed material facts, in which it alleges that during July of 2017, TCCC had no responsibility for the delivery of products, placement of products, and/or stocking of products at the Dollar General store in Livingston, Louisiana. (Doc. 56-2 at 3). TCCC further alleges that at no time before or during July of 2017 did TCCC, or anyone on its behalf, deliver, stock, place, or sell Coca-Cola product in the Dollar General store. *Id.* TCCC's statement of undisputed material facts is accompanied by an affidavit. (Doc. 56-4).

---

[1] Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the Court is required to apply state law in cases in which federal jurisdiction is based on diversity of citizenship. *Jesco Const. Corp. v. NationsBank Corp.*, 278 F.3d 444, 447 (5th Cir. 2001).

Considering the summary judgment evidence, and the fact that the motion for summary judgment is unopposed, the Court finds that TCCC cannot be held liable for the Plaintiff's injuries. Thus, summary judgment is appropriate.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that TCCC's **Motion for Summary Judgment (Doc. 56)** is **GRANTED**.

Baton Rouge, Louisiana, this 8th day of April, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**