UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SUZANNE GARRICK FICKLIN BABIN**                          **CIVIL ACTION**

**VERSUS**

**DOLLAR GENERAL**                                          **NO: 18-00106-BAJ-SDJ**

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment** filed by DG Louisiana, LLC (Doc. 57). The motion is unopposed. For the following reasons, the **Motion (Doc. 57)** is **GRANTED**.

### I.   FACTUAL BACKGROUND

Plaintiff alleges that on July 30, 2017, she was shopping at a Dollar General store in Livingston, Louisiana when she slipped on water on the floor and fell, causing injury. (Doc. 1-1 at 2). Plaintiff alleges negligence on the part of DG Louisiana, LLC for failure to take any and all actions necessary to prevent injury. *Id.*

### II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must

set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted).  At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992).  However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied.  *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted).  Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   DISCUSSION

The Louisiana Merchant Liability Act governs DG Louisiana, LLC's liability for Plaintiff's slip and fall.  La. R.S. 9:2800.6.  To recover against DG Louisiana, LLC under the Louisiana Merchant Liability Act, Plaintiff must prove the elements of an ordinary negligence claim and that (1) the condition existing on DG Louisiana, LLC's premises presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable; (2) DG Louisiana, LLC either created or had actual or constructive notice of the condition; and (3) DG Louisiana, LLC failed to exercise

reasonable care.  La. R.S. 9:2800.6(B).

First, DG Louisiana, LLC argues that Plaintiff cannot prove the existence of the condition alleged in the Complaint that presented an unreasonable risk of harm to her, namely, the water on the floor.  In support of its motion for summary judgment, DG Louisiana, LLC filed a statement of undisputed material facts, in which it alleges that it served Requests for Admission on Plaintiff's counsel, including an admission that the incident was not caused by any water or substance on the floor of the Dollar General store.  (Doc. 57-1 at 7).  The Requests for Admission went unanswered and are therefore considered admitted under Federal Rule of Civil Procedure 36.  (Doc. 57-2 at 1-2).  DG Louisiana, LLC further alleges that Plaintiff testified at her deposition that she did not slip on water.  (*Id.* at 3).  An examination of Plaintiff's deposition testimony reveals that she testified not that she did not slip on water, but rather that she did not know whether she slipped on water or tripped over a protruding box or boxes containing beverages.  (Doc. 57-4 at 144).  In any event, considering the summary judgment evidence, and the fact that the motion for summary judgment is unopposed, the Court finds that Plaintiff cannot prove that there was water on the floor of the Dollar General store that posed an unreasonable risk of harm to her.

The Court also notes that insofar as Plaintiff could argue that a protruding box or boxes containing beverages constituted the condition that presented an unreasonable risk of harm to her, that argument would be denied.  "A plaintiff may not amend [its] complaint through arguments in [its] brief in opposition to a motion

3

for summary judgment." *Hays v. Gen. Elec. Co.*, 151 F. Supp. 2d 1001, 1006 (N.D. Ill. 2001) (quoting *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 606 (7th Cir. 2000)). "A change of theories at the summary judgment stage is not allowed because, ordinarily, discovery has been completed, and an eleventh hour change of theory would waste judicial resources and the resources of the parties." *Id.* In the case before the Court, Plaintiff has neither amended the Complaint, which alleges that she slipped on water on the floor of the Dollar General store, nor responded to the motion for summary judgment. Thus, summary judgment is appropriate.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that DG Louisiana, LLC's **Motion for Summary Judgment (Doc. 57)** is **GRANTED**.

Baton Rouge, Louisiana, this 30th day of April, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4