UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUZANNE GARRICK FICKLIN BABIN** | **CIVIL ACTION** |
| **VERSUS** | |
| **DOLLAR GENERAL** | **NO: 18-00106-BAJ-SDJ** |

### RULING AND ORDER

Before the Court is the **Rule 59 Motion for Reconsideration and/or New Trial (Doc. 70)** filed by Plaintiff Suzanne Garrick Ficklin Babin. Defendant DG Louisiana, LLC has filed a response in opposition. (Doc. 78). For the following reasons, the **Rule 59 Motion for Reconsideration and/or New Trial (Doc. 70)** is **DENIED**.

### I. BACKGROUND

Plaintiff alleged that on July 30, 2017, she was shopping at a Dollar General store in Livingston, Louisiana when she slipped on water on the floor and fell, causing injury. (Doc. 1-1 at 2). Plaintiff alleged negligence on the part of DG Louisiana, LLC for failure to take any and all actions necessary to prevent injury. *Id.* DG Louisiana, LLC filed a motion for summary judgment. (Doc. 57). The motion was unopposed. The Court granted the motion for summary judgment on the grounds that Plaintiff could not prove that there was water on the floor of the Dollar General store that posed an unreasonable risk of harm to her, as required by the Louisiana Merchant Liability Act. (Doc. 66).

## II.  LEGAL STANDARD

To prevail on a Rule 59(e) motion, Plaintiff must "clearly establish" that the Court's ruling was "manifestly erroneous" or offer newly discovered evidence justifying reconsideration. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

A Rule 59(e) motion used to present newly discovered evidence should be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 429 (5th Cir. 2012) (citing *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003)). When determining whether to grant a Rule 59(e) motion, the Fifth Circuit also considers: (1) the probative value of the evidence, (2) whether the evidence was available to the moving party at the time of the summary judgement motion, (3) the reason that the moving party did not present the evidence before summary judgment was effectively granted, and (4) potential prejudice to the non-moving party. *Luig v. N. Bay Enterprises, Inc.*, 817 F.3d 901, 906 (5th Cir. 2016).

## II.  DISCUSSION

To recover against Defendant under the Louisiana Merchant Liability Act, Plaintiff must prove that (1) the condition existing on Defendant's premises presented an unreasonable risk of harm to her and that the risk of harm was reasonably

foreseeable; (2) Defendant either created or had actual or constructive notice of the condition; and (3) Defendant failed to exercise reasonable care. La. R.S. 9:2800.6(B).

Plaintiff submits two affidavits in support of her motion for reconsideration from individuals she claims recently contacted her by sheer coincidence. Plaintiff contends that these affidavits demonstrate that 1) there was a condition existing on Defendant's premises that presented an unreasonable and reasonably foreseeable risk of harm to her and 2) Defendant either created or had actual or constructive notice of the condition. Plaintiff further contends that she did not present these affidavits before summary judgment was granted because she has been extremely ill over the last year and unable to attend scheduled meetings with counsel or participate in the defense of this matter.

Assuming *arguendo* that Plaintiff's affidavits satisfy the first two requirements of the Louisiana Merchant Liability Act, the motion for summary judgment must still be granted. This is because to recover against Defendant, Plaintiff must also prove the elements of an ordinary negligence claim, which are 1) that the defendant had a duty to conform his conduct to a specific standard, 2) that the defendant's conduct failed to conform to the appropriate standard, 3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries, 4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and 5) actual damages. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

As discussed in the Court's ruling on Defendant's motion for summary judgment, Plaintiff admitted that the incident was not caused by any water or

3

substance on the floor of the Dollar General store. (Doc. 57-1 at 7). Plaintiff also testified that she did not know whether she slipped on water or tripped over a protruding box or boxes of Coca-Cola. (Doc. 57-4 at 144). Thus, Plaintiff cannot prove that Defendant's alleged negligence was a cause in fact of her injuries. Plaintiff's newly submitted affidavits do not change the Court's determination. One affiant, Margie Gomez, stated that she was at the Dollar General store when Plaintiff fell and saw water on the floor where the fall occurred. (Doc. 70-3). However, Gomez did not witness Plaintiff's fall. The other affiant, Blaze Zuvich, was not even in the Dollar General store when Plaintiff fell. (Doc. 70-4). Thus, Plaintiff's newly submitted affidavits do not change the outcome of this case.

Additionally, Plaintiff's reasons for failing to present these affidavits before summary judgment was granted are not valid. Discovery in this matter was due to be completed by January 14, 2020, yet Plaintiff never submitted a request to extend the discovery deadline beyond that time. Further, Defendant's motion for summary judgment was unopposed, and Plaintiff did not file a motion for extension of time to file an opposition. Plaintiff's illness did not preclude her counsel from taking either of these steps, which could have led to the discovery of the affidavits before summary judgment was granted. Therefore, Plaintiff's motion for reconsideration must be denied.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Rule 59 Motion for Reconsideration and/or New Trial (Doc. 70)** is **DENIED**.

Baton Rouge, Louisiana, this 2nd day of July, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**